IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                  3:05cr87/RV
                                                                                          3:06cv559/RV/MD

RODRIGO MARTINEZ-ULLOA

**REPORT AND RECOMMENDATION**

    This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 114). The government has filed a response (doc. 116) and the defendant has filed a reply (doc. 121). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I.  BACKGROUND**

    Defendant was charged in five counts of a six count indictment as follows: count one: conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and 500 grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B)(viii) and (b)(1)(B)(ii); count two: possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine and 500 grams or more of a mixture and substance containing cocaine on a date certain in violation of 21 U.S.C. §§ 841(a) and

841(b)(1)(B)(viii); count three: possession of a firearm during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); count four: possession of machine guns in violation of 18 U.S.C. § 922(o) and § 924(a)(2); count five: felon in possession of firearms in violation of 18 U.S.C. § 922(g).  (Doc. 16).[1]   Defendant was represented by appointed counsel Kenneth Riddlehoover.  Following a two day jury trial, defendant was found guilty as charged.

Defendant was sentenced to a term of 170 months imprisonment on counts one and two,[2] to be served concurrently, 120 months on counts four and five,[3] to be served concurrently with each other and with the sentence on counts one and two, and a term of 360 months imprisonment on count three[4] to be served consecutively to the other terms of imprisonment. (Doc. 68).

He appealed, arguing that the evidence was insufficient to sustain one of his firearm convictions and that the district court erred when it declined to suppress evidence seized in a search of his residence and the government engaged in prosecutorial misconduct during closing argument.  (Doc. 110 at 2).  The Eleventh Circuit affirmed.  (Doc. 110).

In the present motion, defendant raises several ineffective assistance of counsel claims, asserts that the government introduced perjured testimony at trial and that there was insufficient evidence to support a finding of guilt on count three.  The government opposes the motion in its entirety.

---

[1] Defendant was not charged in count six of the indictment.

[2] This sentence was at the lower range of the applicable guidelines range.  (Doc. 82 at 12).

[3] This sentence was below the guidelines range because of the statutory maximum penalty.  (Doc. 82 at 12-13).

[4] This sentence was the mandatory minimum sentence set forth by law.  (Doc. 82 at 13).

## II.  LEGAL ANALYSIS

A.  <u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *Ferguson v. United States,* 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir.

1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

B. <u>Ineffective Assistance of Counsel Claims</u>

    1. <u>Standard of Review</u>

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs. 466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant

must establish that "no competent counsel would have taken the action that his counsel did take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

2. <u>Failure to Challenge Cumulative Charges</u>

Defendant first contends that counsel was ineffective because he failed to challenge the "cumulative" counts of the indictment. Defendant refers to the charges under 18 U.S.C. § 924(c)(1)(B)(ii), possession of a firearm during and in relation to a drug trafficking offense and 18 U.S.C. § 922(g), possession of a firearm by a convicted felon. Essentially, he argues that he should not have been charged with or convicted of both offenses, because they are multiplicitous, and hence his conviction of both charges is unconstitutional.

In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." See *Texas v. Cobb*, 532 U.S. 162, 121 S.Ct. 1335, 149 L.Ed.2d 321 (2001) (citing *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180); *United States v. Hassoun*, 476 F.3d 1181, 1185 (11th Cir. 2007). The *Blockburger* test is applied with a focus on the statutory elements of the offense. "If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *Hassoun*, 476 F.3d at 1185 (quoting *Albernaz v. United States*, 450 U.S. 333, 338, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981) (quoting *Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975)).

In this case, count three, arising under 18 U.S.C. § 924(c), requires as an element that defendant also commit a drug trafficking offense, whereas the § 922(g) charge does

not. Similarly, the charge under 18 U.S.C. § 922(g) requires as an element that the defendant has been previously convicted of a felony, whereas the § 924(c) charge does not. Therefore, the crimes are neither cumulative nor multiplicitous, and counsel's failure to make a meritless objection does not entitle defendant to relief. *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise non-meritorious issue); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

### 3. Failure to Challenge Warrantless Search and Seizure

Defendant next argues that counsel was ineffective because he failed to object to a warrantless search and seizure. Defendant characterizes law enforcement's initial entry into his residence without a warrant as an unlawful search and seizure. The propriety of law enforcement's entry into defendant's residence was the subject of the defendant's direct appeal. The Eleventh Circuit found that due to exigent circumstances, law enforcement properly entered into the defendant's residence while the warrant was being obtained. (Doc. 110 at 6-7). Thus, this issue has already been considered and decided adversely to the defendant on direct appeal. The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). Once a matter has been decided adversely to a defendant on direct appeal, it

cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects"). The arguments raised by defendant in support of this ground do not support a finding that counsel was constitutionally ineffective in his challenge to the warrantless search. To the extent he claims in his reply brief that he actually contests the timing of counsel's challenge to the warrantless search, given that the legality of law enforcement presence was upheld, he has not shown how the outcome of the proceedings would have been altered had the search been challenged at a different time.

### 4. Concession of Prior Conviction/Possession of Methamphetamine

Defendant's first argument with respect to this ground for relief appears to be that counsel was constitutionally ineffective because he agreed to stipulate to the fact that his client was a convicted felon as it related to the charge in count five of the indictment. Stipulation to a prior conviction to avoid more detailed proof of said conviction and the possible prejudice emanating therefrom is a reasonable trial strategy. *United States v. Shea*, 211 F.3d 658, 672 (1st Cir. 2000). Counsel states in his affidavit that he believed that conceding the issue of the prior conviction would result in less of an impact on the jury than if the government had presented evidence on this issue. (Doc. 116, exh. B at 2). Furthermore, the government had in its possession, and submitted to the court in the Notice of Enhancement Information filed with the court, a certified copy of the prior judgment and conviction for the offense that it could have introduced into evidence if necessary. (Doc. 22 at 3). Thus, there was no conceivable prejudice to the defendant from counsel's decision to concede the prior conviction.

Next, defendant claims that counsel was ineffective for conceding that the methamphetamine seized from a co-defendant actually originated from the defendant.

Defendant argues that this concession resulted in a "spill-over" of guilt to all counts because if counsel admitted guilt as to one drug in a charge involving two substances, it is "certain the jury is going to embrace guilt" on the counts as a whole. (Doc. 114, memo at 5). This argument ignores the fact that the jury verdict form required the jurors to make separate findings with respect to both the type and quantity of controlled substances. (Doc. 49). Therefore, an admission with respect to one substance does not guarantee a finding that the offense conduct also involved the other substance.

Furthermore, the evidence at trial with respect to the methamphetamine was overwhelming. The jury heard the defendant negotiating the delivery of methamphetamine with a cooperating individual, who later testified at trial, over the telephone. (See Doc. 116, Exh. A, at 13). The transaction in question was later captured on videotape, and transpired just as had been discussed: a friend of the defendant's would deliver the methamphetamine to the cooperating individual at the arranged hotel room. In fact, the co-defendant arrived as scheduled in the defendant's vehicle for the transaction. What defendant characterizes as a "concession of guilt" may have been little more than stating the obvious.

Concessions of guilt leading to allegations of counsel's constitutional ineffectiveness are not uncommon. In *United States v. Dago*, 441 F.3d 1238 (10th Cir. 2006), the defendant maintained in a § 2255 motion that counsel was constitutionally ineffective because in his closing argument he stated that the defendant should be convicted of several counts of the indictment. A hearing had been held in the district court, but the appellate court was hampered in its review because a transcript of counsel's closing argument was not included in the record, and thus it could not conclusively determine whether counsel's statements amounted to a concession of guilt. 441 F.3d at 1250. The court found after review of the record that it was "possible that counsel did not concede [defendant's] guilt on many counts, . . . but merely focused on challenging the conspiracy and CCE counts against his client while remaining silent about other counts." 441 F.3d at 1251. The *Dago* court acknowledged that "[d]epending on the particular characteristics of such an effort, this would not necessarily amount to ineffective assistance, for 'experienced

advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments and focusing on one central issue if possible. This insight is ... applicable to closing arguments made at trial.'"  441 F.3d at 1251 (quoting *United States v. Williamson*, 53 F.3d 1500, 1512 (10th Cir.1995) (quotations, alterations, and citations omitted)).  Thus, the court concluded that a defense attorney's effort to obtain an acquittal for his client on a conspiracy charge, rather than focusing on challenging the substantive distribution charges, did not necessarily undermine counsel's otherwise ethically and constitutionally sufficient representation.  *Id.*, citing *Williamson*, 53 F.3d at 1512; see also *Fowler v. Ward*, 200 F.3d 1302, 1310-11 (10th Cir. 2000) (finding no ineffective assistance where counsel conceded the defendant's presence at the crime scene because the concession was consistent with the defense theory that defendant was not the principal in the alleged crime), overruled on other grounds, *Moore v. Marr*, 254 F.3d 1235, 1239 (10th Cir. 2001); *Hale v. Gibson*, 227 F.3d 1298, 1323 (10th Cir. 2000) (holding that defense counsel "made a reasonable strategic decision to concede some involvement by [the defendant] ... and focused on the extent of his involvement and whether others could have been involved")).  The court recognized, as the government argues in the instant case, that "it is a time-honored strategy of advocates to cede evidence that cannot be rebutted so that counsel has credibility to challenge evidence where challenge is fruitful."  441 F.3d at 1252.

In this case, the government argues that defense counsel's strategic decision to curry favor with the jury and to admit the virtually inescapable conviction on the drug trafficking charges while contesting the firearms charges which carried a mandatory consecutive term of 30 years imprisonment was not unreasonable.  The fact that this strategy ultimately was not successful is not the standard by which an ineffective assistance of counsel claim is reviewed, as counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  Similar concessions or partial concessions of guilt in opening statements or closing argument have been upheld by other appellate courts.  *See Hayes v. Cain,* 272 F.3d 757, 762 n.14 (5th Cir. 2001) ("Where counsel acknowledges, in closing argument, the overwhelming weight of evidence that has been admitted against his

client, even conceding his client's guilt, we have found that such an acknowledgment of the obvious may be a trial tactic that does not reach the level of ineffective assistance."); *United States v. Short*, 181 F.3d 620, 624-625 (5th Cir.1999) (finding counsel who implicated his client in the drug trade during closing arguments took the reasonable strategic approach of trying to establish his credibility with the jury and enhance his chances that the jury would accept his arguments on the more serious counts, in light of the overwhelming evidence of guilt adduced at trial); *Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir.1991) (an acknowledgment of guilt can be a sound tactic when the evidence is overwhelming, there is no reason to suppose that any juror doubts this, and the count in question is a lesser count, so that there is advantage to be gained by winning the confidence of the jury); *Trice v. Ward*, 196 F.3d 1151, 1162 (10th Cir. 1999) (no prejudice where counsel conceded guilt as to a rape charge accused had confessed to, in an attempt to persuade the jury his client was not guilty of more serious first degree murder charge); *United States v. Wilks*, 46 F.3d 640, 644 (7th Cir. 1995) (concession of guilt in opening statement was not prejudicial where evidence of guilt was irrefutable, accused did not object and told court he was satisfied with the performance of his counsel); *United States v. Tabares*, 951 F.2d 405, 409 (1st Cir.1991) (counsel's admission to jury that defendant was guilty of less serious offense "was a tactical decision, designed to lead the jury towards leniency on the other charges and to provide a basis for a later argument for a lighter sentence"); *Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir.1991) (reasonable trial tactic for lawyer to "conced [e] client's guilt of offense of which the evidence was overwhelming, and to focus his efforts on the weakest link in the [government's] case"); *McNeal v. Wainwright*, 722 F.2d 674, 676 (11th Cir. 1984) (no prejudice where the accused had confessed on tape and counsel conceded guilt of lesser charge of manslaughter to defeat government's claim of premeditation). See also *State v. McNeill*, 346 N.C. 233, 485 S.E.2d 284 (N.C.1997) (no prejudice when defense stipulated to stabbing and accused agreed to concession strategy) and *People v. Johnson*, 128 Ill.2d 253, 131 Ill.Dec. 562, 538 N.E.2d 1118 (1989) (no prejudice when counsel conceded guilt to a crime to which the accused had confessed).

Based on this court's review of the record and taking into account the evidence presented, it finds that defendant has failed to show that "no competent counsel would have taken the action that his counsel did take," *Freixas*, 332 F.3d at 1319-1320, or that but for counsel's allegedly deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Therefore, he is not entitled to relief.

Within this same ground for relief, defendant also posits that there would be an overwhelming probability that jurors will not adhere to limited instructions. The jury is presumed to have followed the judge's instructions. *Hallford v. Culliver,* 2006 459 F.3d 1193, (11th Cir. 2006); *United States v. Calderon*, 127 F.3d 1314, 1334 (11th Cir. 1997); *United States v. Wilson,* 149 F.3d 1298, 1302 (11th Cir. 1998); *United States v. Chandler,* 996 F.2d 1073, 1088 (11th Cir. 1993); *Raulerson v. Wainwright,* 753 F.2d 869, 876 (11th Cir. 1985). Defendant has presented no cogent evidence to the contrary that would justify the relief sought.

     5. <u>Failure to obtain a "conditional plea"</u>

Defendant maintains that the plea agreement that was offered to him, ten to life on each drug count and consecutive 30 year sentence on the gun count with mandatory cooperation with the government, provided no relief. He contends that counsel should have moved for a "conditional plea" to counts one and two, reserving the right to contest the legality of the allegedly warrantless search and firearm in possession of the drug conspiracy. This, he maintains, would have afforded him more effective representation and would have spared him the "embarrassment" of a trial in open court.

The government notes that Fed.R.Crim.P. 11(a)(2), upon which defendant relies, requires the consent of the court and of the government for the entry of a conditional plea, and that the government never discussed a conditional plea with the defendant or counsel. Instead, as is typical in this district, the government provided the defendant with its standard plea and cooperation agreement to plead "straight up" to the indictment. (Doc. 116, exh. B). While he may have wished to do so, he would not have been provided the opportunity to plead to only some of the charges against him. And, although the Federal

Rules provide for them, conditional pleas are not offered in this district. Contrary to defendant's suggestion in his reply brief, this fact does not entitle him to relief, and counsel's failure to secure or attempt to secure such a plea was not constitutionally ineffective.

C. <u>Knowing Introduction of Perjured Testimony by the Government</u>

Defendant contends that the government introduced perjured testimony with respect to the allegedly warrantless search. As proof thereof, defendant offers as "mysteries" that digital pictures taken at the time were "mysteriously" erased, and that there were inconsistencies between the date of the warrant and the date the search took place. Again, defendant attempts to challenge the validity of the search of his residence and the seizure of controlled substances and firearms contained therein, this time by claiming that the government knowingly used perjured testimony to bolster its defense of the search.

In order to establish that the government violated the law by using perjured testimony, the defendant "must establish that: (1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material–i.e., that there is 'any reasonable likelihood' that the false testimony 'could . . . have affected the judgment.'" *Davis v. Terry*, 465 F.3d 1249, 1253 (11 Cir. 2006) (quoting *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972)).

First, defendant has failed to establish the use of perjury at trial. Defendant's argument fails to distinguish the time when his residence was *secured* versus the time when it was *searched*. The record reflects that the residence was secured well before the arrival of the search warrant. The Eleventh Circuit upheld the securing of the residence due to exigent circumstances. The defendant has presented no evidence that anything

other than that which was testified to actually took place. Because both prongs of *Giglio* must be met to establish a violation, defendant's argument fails. [5]

Defendant also asserts, without factual support, that the government violated *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963). In *Brady,* the Supreme Court held that the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. His conclusory assertion does not entitle him to relief.

D. <u>The Government failed to Prove Mens Rea with respect to the § 924(c) Charge</u>

Defendant argues that the government did not establish the requisite mens rea with respect to the § 924(c) charge to prove that the weapon was used in furtherance of the drug trafficking offense. On appeal he also argued that he should not have been convicted of possession of the firearms because there was no evidence that he had control or dominion over the room in which they were located, there was no evidence that he actually possessed them, or even that he knew they were in the house. (Doc. 110 at 5). The appellate court rejected that argument and he will not be permitted to relitigate it in this forum. See *Nyhuis; Mills, supra.*

---

[5]The government suggests that regardless of the timing of law enforcement entry into the residence, the evidence would have been seized and produced at trial, such that the final judgment could not have been affected. This argument appears to run contrary to the position that there were exigent circumstances requiring entry into the house to prevent destruction of evidence so it could be preserved for trial. However, because *Giglio* is a two-part test, this is not dispositive.

*Case No: 3:05cr87/RV; 3:06cv559/RV/MD*

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 114)  be DENIED.

At Pensacola, Florida, this 18th day of April, 2007.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).